UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* JOSHUA HARMAN<br><br>Plaintiff,<br><br>v.<br><br>TRINITY INDUSTRIES, INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:12-CV-00089<br><br>JUDGE RODNEY GILSTRAP<br><br>UNDER SEAL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY THE UNITED STATES FOR AN UNOPPOSED SIXTH MONTH EXTENSION OF TIME TO MAKE AN ELECTION TO INTERVENE**

Pursuant to 31 U.S.C. § 3730 (b) (3), the United States hereby moves this Court, with the Relator's concurrence, for an extension of time of approximately six months from November 5, 2012, to and including May 3, 2013, in which to provide notice of whether the Government elects to intervene. Further, the Government requests that during the period of the extension, if it is granted, the complaint and all other filings in this proceeding remain under seal, unless otherwise ordered by the Court.

I. STATEMENT OF FACTS

On March 6, 2012, Relator Joshua Harman ("Relator") filed the complaint in this action pursuant to the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. § 3730. The Relator perfected service on all necessary parties on or about March 9, 2012.

The Relator alleges that the Defendant manufactured guardrail end caps with design changes that were not approved by the Federal Highway Administration. According to the Relator, once a product is approved for use along the National Highway System, designs cannot be altered without first undergoing testing and approval. The Relator claims that these unapproved changes caused the guardrails to malfunction when they were struck by vehicles.

## II. POINTS AND AUTHORTIES

The *qui tam* provisions of the FCA allow private persons to file actions in this Court on behalf of themselves and the United States to recover damages, 31 U.S.C. §§ 3729-3731. The FCA directs the *qui tam* relator to file the complaint under seal and serve it on the Government, but not the defendants, to permit the Government to investigate the allegations of the complaint and make an informed decision concerning its right to intervene in the action prior to the defendant receiving notice of the action.[1]

---

[1] Section 3730 (b) (2) of the FCA provides as follows:

A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4 (d) (4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for *at least* 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. [emphasis added]. Rule 4 of the Federal Rules of Civil Procedure was revised in 1993. Subsection (i) of that Rule contains text of the previous subsections (d) (4) and (d) (5). Rule 4 (i), like its predecessor sections, provides for two-fold service of the U.S. Government by delivery to the Attorney General of the United States and to the individuals is mandatory. See, e.g., Hunt v. Dept. of the Air Force, 29 F.3d 583, 588 (11th Cir. 1984) (construing predecessor Rule 4(d)(4)); Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (same).

Section 3730 (b) (3) of the FCA provides, in part, that the Government "may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2)." 31 U.S.C. § 3730 (b) (3). Congress recognized that there frequently will be a need for the Government to take additional time in order to make the decision required under the Act. Government counsel respectfully submits that additional time is necessary for the Government to make such an informed decision in this matter. The Government continues to confer with agency counsel and engineers with respect to the Relator's allegations. Additional interviews of the engineers are being conducted at the Texas Transportation Institute. These interviews will help determine if certain testing was conducted on the equipment. The Government is coordinating with other civil and criminal cases involving these parties. For these reasons, the United States seeks an extension of time of approximately six months through and including May 3, 2013 within which to file its notice of election regarding intervention, as required by 31 U.S.C. § 3730 (b) (2). The United States respectfully submits that the stated reasons constitute good cause for granting the requested extension of time. The Relator's counsel has authorized Government counsel to inform the Court that the Relator does not object to the Government seeking the requested extension.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant the Government's motion for a six month extension of time, to and including, May 3, 2013, during which the complaint and other pleadings filed in this matter remain under seal,

and during which the United States may provide this Court with notice of its election to intervene.

        Respectfully submitted,

        JOHN M. BALES
        United States Attorney

        /s/ Kevin McClendon
        KEVIN McCLENDON
        Assistant U.S. Attorney
        Lead Attorney
        Eastern District of Texas
        101 East Park Blvd., Suite 500
        Plano, Texas 75074
        E-mail: kevin.mcclendon@usdoj.gov
        (972) 509-1201
        (972) 509-1209 (fax)
        Texas State Bar # 13408620