IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL. JOSHUA HARMAN, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CASE NO. 2:12-CV-00089-JRG |
| TRINITY INDUSTRIES, INC. and TRINITY HIGHWAY PRODUCTS, LLC, | § § § § | |
| *Defendants*. | | |

## ORDER

Today the Court conducted proceedings in the jury trial of the above-captioned action. For the reasons announced on the record, the Court declared a mistrial and ordered this action reset for a new trial.

In particular, Relator Joshua Harman ("Relator") sought leave to call Dr. Dean Sicking as a witness for the purpose of impeaching testimony offered by Defendants Trinity Highway Products, LLC and Trinity Industries, Inc. ("Defendants"). The Court conducted an *in camera* examination of the witness, and permitted the parties to conduct a deposition of Dr. Sicking. Having considered said *in camera* proceedings and the record established at that deposition, the Court is persuaded that serious concerns exist with respect to Trinity's conduct and the veracity of testimony offed to the Court and to the jury. Justice requires that Relator be permitted to challenge Defendants on this issue.

1

That being said, Relator's allegations are just that—allegations. Moreover, Defendants have had very little time to examine Dr. Sicking or develop impeachment evidence of their own. Dr. Sicking was not previously designated as a witness in this case; he was not deposed before the trial; and to allow his testimony at this time would unfairly prejudice Defendants.

The Court notes that the conduct set out above is not the only irregularity in the evidence presented to the jury during this trial. The complete record is lengthy, it has been established in previous proceedings, and it will not be repeated here. Briefly put, both Relator and Defendants—through sharp practices or inadvertent error—created an environment where this jury could not render a fair and impartial verdict. The Court is not inclined to assess specific blame at this point; nevertheless, justice required that the Court exercise its inherent authority by declaring a mistrial. The Court takes no pleasure in doing so, and intends to promptly reset this action for a new trial.

Accordingly, the Court **ORDERS** that the parties shall appear, through counsel, at a status conference to be conducted on **August 18, 2014**. On or before **August 11, 2014**, the parties shall file a Joint Status Report, not to exceed ten pages in length, setting out the issues to be decided by the Court and the parties' proposals with respect to a new trial schedule. As announced into the record, the Court intends to retry this case with substantially the same evidence and witnesses but will consider specific and limited opportunities to reopen and address the issues and errors that contributed to the mistrial just granted, with an eye toward avoiding the same in the new trial.

**So ORDERED and SIGNED this 18th day of July, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE