**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| JOSHUA HARMAN, | ) | |
| | ) | Civil Action No. 2:12-CV-89 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRINITY INDUSTRIES, INC, and | ) | |
| TRINITY HIGHWAY PROTDUCTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO INTERVENE OF**
**THE CENTER FOR AUTO SAFETY AND THE SAFETY INSTITUTE**

Leslie A. Brueckner
   (*pro hac vice* admission pending)
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
lbrueckner@publicjustice.net

David Bright
Texas Bar No. 02991190
Sico White Hoelscher Harris & Braugh LLP
900 Frost Bank Plaza
802 N. Carancahua, Suite 900
Corpus Christi, TX  78401
Phone: (361) 653-3300
dbright@swhhb.com

Jerry M. White
Texas Bar No. 21308700
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Phone: (501) 791-2277
jerry@tturner.com

Attorneys for Intervenors

## INTRODUCTION

The Center for Auto Safety and The Safety Institute ("Movants") have moved to intervene under Federal Rule of Civil Procedure 24(b)(1) for the limited purpose of seeking public access to sealed court records in *United States ex rel. Harman v. Trinity Industries*, Civil Docket No. 2:12-CV-89.

As this Court is well aware, the underlying case involves allegations that Trinity Industries' modified ET-Plus guardrail end terminal does not meet acceptable levels of safety and performance.  Doc. 1, Compl. ¶ 11 (Mar. 6, 2012).  More particularly, the Relator alleges that, instead of operating to slow and contain a vehicle as earlier versions of the end terminal did, the newer, modified version not only has not been adequately tested but, in the field, causes the guardrail to turn into a dangerous spear that can pierce a vehicle and maim or kill its occupants. *Id.* ¶¶ 10-11.  Trinity's modified ET-Plus end terminals appear on roadsides all over the country. *Id.* ¶ 12.

Numerous documents filed in the case—including dispositive motions and their exhibits—have been sealed at the parties' requests.  *E.g.*, Doc. 247, Defs.' Mot. for Summ. J. (June 13, 2014); Doc. 260, Pl.'s Mot. for Partial Summ. J. (June 14, 2014).  As Movants explain in their Motion to Unseal, filed contemporaneously with this motion, no party has made the difficult showing that is required to overcome the strong presumption in favor of public access to court records.  Further, given that the case involves an issue of public safety and possible fraud on the government, public access to the court record is especially important.

The Center for Auto Safety and The Safety Institute seek to intervene to unseal the records because they have particular interest in advocating for the safety of our nation's

1

highways.  As explained in more detail below, access to the sealed records could be instrumental to the organizations' efforts in the name of public safety.

## INTEREST OF MOVANTS

Movants' interest in this litigation is set forth more fully in the attached declarations of Clarence Ditlow and Jamie Schaefer-Wilson, Executive Directors of the Center for Auto Safety and The Safety Institute, respectively.  In brief:

### A.  The Center for Auto Safety

The Center for Auto Safety is a national nonprofit organization that advocates for safer vehicles and highways.  Exh. A, Ditlow Decl. ¶ 2.  The Center has a long history of working to get safety regulations implemented.  *Id.* ¶¶ 4-5.  The Center has come to understand that there may be a serious safety problem with the highway guardrail end terminal in this case, the ET-Plus, but there is a need for additional empirical evidence regarding the end terminal's safety. *Id.* ¶¶ 6-7.  If the sealed documents in this case support existing evidence of a serious safety issue with the modified ET-Plus, the Center will use that data to urge the federal government to undertake further testing of the device and to educate the public and the federal and state governments about the public safety hazard posed by the ET-Plus.  *Id.* ¶ 7.

### B.  The Safety Institute

The Safety Institute is a 501(c)(3) organization that focuses on injury prevention, product safety, and public awareness.  Exh. B, Schaefer-Wilson Decl. ¶¶ 1, 7.  The Institute and its Board Members are currently involved in investigating safety issues related to highway guardrail end terminals, including the ET-Plus.  *Id.* ¶ 11, 17.  Among other things, the Institute is currently partnering with a university to study severe and fatal injury crashes that occurred as a result of impacts with the end and/or face of guardrail terminals.  *Id.* ¶ 17.  A principal goal of the study is

to analyze the safety performance of guardrail end terminals, including the ET-Plus, which is one of the key issues in this litigation. *Id.* ¶ 17.  The Institute is seeking access to the sealed court records in this case because they are directly relevant to this study and could shed important light on this important issue of public health and safety. *Id.* at ¶ 18.

**ARGUMENT**

**INTERVENTION IS WARRANTED BECAUSE MOVANTS MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24(B).**

Intervention is proper here because Movants seek to unseal court records, and intervention is the appropriate vehicle for parties seeking to do just that.  "It is well established that nonparties to a case seeking access to documents and records under a protective order or under seal in a civil case may do so by a motion for permissive intervention under [Federal] Rule [of Civil Procedure] 24(b)[]." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 229 F.R.D. 126, 130 (S.D. Tex. 2005) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) and *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 41045 (D.C. Cir. 1998)); *Weiss v. Allstate Ins. Co.*, Civ. Action No. 06-3774, 2007 WL 2377116, at *2 (E.D. La. Aug. 16, 2007); *Gulf State Utils. Code v. Associated Elec. & Gas Ind. Servs., Ltd.*, No. Civ. A. 89-4086, 1992 WL 300781, at *1-*2 (E.D. La. Oct. 7, 1992).

In affirming the grant of a nonparty's motion to intervene to access protected documents, the Fifth Circuit explained that "[n]onparties to a case routinely access documents and records under a protective order or under seal through motions for permissive intervention under rule 24(b)[]." *Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006); *see In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979) (holding that there is "no question that the procedurally

correct course" for nonparties seeking access to sealed documents is through motion to intervene).[1]

In other contexts, permissive intervention under Rule 24(b) requires intervening parties to demonstrate that it has an independent ground for subject matter jurisdiction, the motion is timely, and the claim or defense has a question or fact in common with the main action.  Fed. R. Civ. Pro. 24(b); *In re Enron*, 229 F.R.D. at 130 (citing *EEOC*, 146 F.3d at 1046).  Where a party is intervening solely for the limited purpose of unsealing records, however, courts make an exception to the requirement that there be an independent ground for subject matter jurisdiction because the court already has the power to determine whether the documents in the case should be protected or sealed.  *See In re Enron*, 229 F.R.D. at 130 (citing *EEOC*, 146 F.3d at 1046). And, of course, the question raised by Movants—whether the court documents are appropriately sealed—is a question already in this case.

Instead, the key question when considering a motion to intervene for the purpose of unsealing court records is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b)(3); *see Newby*, 443 F.3d at 424 (limiting inquiry to whether intervention would prejudice the parties); *In re Enron*, 229

---

[1] In addition to those already cited, every circuit to have considered the question has recognized that nonparties may intervene under Rule 24(b) to seek access to protected or sealed documents: *Pansy v. Borough of Stroudsberg*, 23 F.3d 772, 778 (3d Cir. 1994); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988); *In re Agent Orange Litig.*, 821 F.2d 139, 144-45 (2d Cir. 1987); *Meyer Goldberg of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987).

F.R.D. at 130-31; *Gulf States*, 1992 WL 300781, at *1.  The Fifth Circuit concurs.  *See Newby*, 443 F.3d at 424.[2]

   In this case, this motion will not delay or prejudice the parties in any respect.  To begin, parties are not prejudiced by intervention when the intervention is done only to unseal court records and the intervenors, like Movants here, do not seek to intervene on the merits.  *See, e.g.*, *United Nuclear*, 905 F.2d at 1427 ("The most important circumstance in this case is that intervention was not on the merits, but for the sole purpose of challenging a protective order."); *Public Citizen*, 858 F.2d at 786 (intervention timely and did not prejudice the parties because it sought to unseal records, not reopen the merits); *State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 140 (S.D. Miss. 2010) (motion to intervene timely because it sought the release of confidential documents only and did not seek to litigate the merits); *Gulf States*, 1992 WL 300781 at *1 (when nonparties do not seek to intervene on the merits, the original parties are not prejudiced).

   And the timing of this motion is particularly apt.  As this Court is well aware, less than a month has passed since this Court declared a mistrial, and the new trial will likely not occur until November.  *See* Doc. 397, Joint Status Report (Aug. 11, 2014).   Meanwhile, a status conference has been set for August 18, 2014, and this motion is being filed in advance of that date.  Permitting Movants to intervene at this juncture for the limited purpose of unsealing court

---

[2]  In one early decision, the Fifth Circuit denied intervention to entities that had jointly moved to unseal court records on the ground that one of the two parties could obtain access to the documents in separate litigation.  *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).  That, of course, is not true of Movants here.  Since *Deus* was decided, the Fifth Circuit has affirmed a district court's decision to permit a nonparty to intervene solely for the purpose of accessing protected records.  *Newby*, 443 F.3d at 425; *see also Weiss*, 2007 WL 2377116, at *3 (finding *Deus* inapplicable and granting nonprofit's motion to intervene to oppose motion to seal).

records will not interfere with the timing or the substance of the trial itself, nor the ultimate resolution of the claims on the merits.

## CONCLUSION

Because a motion to intervene is the proper procedure for nonparties to seek to unseal court records and because the motion to intervene is timely and will not prejudice the parties, this motion should be granted.

Respectfully submitted,


__/s/ David T. Bright_____
David Bright
TBN 02991190
Sico White Hoelscher Harris & Braugh LLP
900 Frost Bank Plaza
802 N. Carancahua Suite 900
Corpus Christi, TX  78401
Phone: 361-653-3300
dbright@swhhb.com

Leslie A. Brueckner
(*pro hac vice* admission pending)
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
lbrueckner@publicjustice.net

Jerry M. White
TBN 21308700
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Phone: (510) 791-2277
jerry@tturner.com

Attorneys for Intervenors

## CERTIFICATE OF SERVICE

I certify that a true copy of the above and foregoing document was served one each attorney of record or party in accordance with the Federal Rules of Civil Procedure on the 14th day of August, 2014, as indicated below to:

### *Attorneys for United States of America re: Joshua Harman:*

Barrett E. Pope
Wyatt B. Durrette, Jr.
Debbie G. Seidel
Durrette Crump PLC
1111 E. Main Street, 16th Floor
Richmond, Virginia 23219
bpope@durrettecrump.com
wdurrette@durrettecrump.com
dseidel@durrettecrump.com

Christopher M. Green
Boies, Schiller & Flexner
333 Main Street
Armonk, New York 10504
cgreen@bsfllp.com

George F. Carpinello
Jeffrey S. Shelly
Teresa A. Monroe
Boies, Schiller & Flexner, LLP
30 South Pearl Street, 11th Floor
Albany, New York 12207
gcarpinello@bsfllp.com

George R. Coe
Karen Dyer
Boeis, Schiller & Flexner, LLP
121 South Orange Avenue, Suite 830
Orlando, Florida 32801
gcoe@bsfllp.com
kdyer@bsfllp.com

J. Kevin McClendon
U.S. Attorney's Office – Plano
101 E. Park Blvd, Suite 500
Plano, Texas 75074
kevin.mcclendon@usdoj.gov

7

Josh B. Maness
P.O. Box 1785
Marshall, Texas 75671
manessjosh@hotmail.com

Justin Kurt Truelove
Truelove Law  Firm, PLLC
100 West Houston
Marshall, Texas 75670
kurt@truelovelawfirm.com

Nicholas A. Gravante, Jr.
Boies, Schiller, & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
ngravante@bsfllp.com

Steven R. Lawrence
The Lawrence Law Firm
700 Lavaca Street, Suite 1400
Austin, Texas 78701
steven@stevenlawrencelaw.com

T. John Ward
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606
tjw@wsfirm.com

Sam Baxter
McKool Smith, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
sbaxter@mckoolsmith.com

***Attorneys for Defendants Trinity Industries, Inc. and/or Trinity Highway Products, LLC***:

Ethan L. Shaw
John Cowart
Shaw Cowart, LLP
1609 Shoal Creek Blvd., Suite 100
Austin, Texas 78701
elshaw@shawcowart.com

Matthew B. Kirsner
Eckert, Seamans, Cherin & Mellott, LLC
707 E. Main Street, Suite1450
Richmond, Virginia 23219
mkirsner@eckertseamans.com

Russell C. Brown
Law Office of Russell C. Brown, P.C.
P.O. Box 1780
Henderson, Texas 75653-1780
russell@rcbrownlaw.com

Heather Bailey New
Bell, Nunnally & Martin, LLP
3232 Mckinney Avenue, Suite 1400
Dallas, Texas 75240
heathern@bellnunnally.com

James Mark Mann
Mann, Tindel & Thompson
300 W. Main
Henderson, Texas 75652
mark@themannfirm.com

Mike C. Miller
Attorney at Law
201 W. Houston
Marshall, Texas 75670
mikem@millerfirm.com

Sarah R. Teachout
Akin, Gump, Strauss, Hauer & Feld, LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4624
steachout@akingump.com

Wendy West Feinstein
Eckert, Seamans, Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
wfeinstein@eckertseamans.com

***Attorney for Movant Structural & Steel Products, Inc.:***

Eric J. Millner
Bourland, Wall & Wenzel
301 Commerce Street, Suite 1500
Fort Worth, Texas 76102
emillner@bwwlaw.com


_____/s/ David T. Bright_____
David T. Bright

10