IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSHUA HARMAN, on behalf of the United States of America | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 2:12-CV-0089 |
| v. | § § | |
| TRINITY INDUSTRIES, INC., and TRINITY HIGHWAY PRODUCTS, LLC, | § § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE TO THE MOTION TO INTERVENE OF NON-PARTIES THE CENTER FOR AUTO SAFETY AND THE SAFETY INSTITUTE**

Nonparties The Safety Institute and the Center for Auto Safety ("Movants") seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1), "for the limited purpose of seeking to unseal documents filed in the case." Dkt. No. 403. Defendants Trinity Industries, Inc., and Trinity Highway Products, LLC (together, "Trinity"), oppose the Movants' attempt to intervene for the following reasons.

**INTRODUCTION**

Movants, nonprofit auto safety organizations, ask the Court to permit them to intervene for the sole purpose of attempting to unseal court records that were filed under seal pursuant to this Court's Protective Order (Dkt. No. 62) ("the Protective Order") entered at the outset of this case. But Movants make no attempt to demonstrate that they have standing to intervene under controlling Fifth Circuit law. Nor do they attempt to show, under Rule 24(b), that a common question of law or fact exists between their "claim or defense" and the main action. Glossing over these critical, independent requirements for permissive intervention, Movants urge the

Court to allow intervention because the unsealing they seek will not "delay or prejudice the parties in any respect." But Movants have also failed to explain why, despite their early supposed knowledge of this lawsuit, they waited until over four months after discovery was closed, until three months after dispositive motions were filed, and until after the case was substantially tried before seeking intervention. During Movants' delay, Trinity reasonably relied upon the Protective Order in filing thousands of pages of proprietary, confidential documents under seal. Not only do Movants lack standing and questions of law or fact in common with the main action, but their delay is inexcusable and provides an additional basis for denying Movants' motion to intervene.[1]

## ARGUMENTS AND AUTHORITIES

### I.  Requirements for permissive intervention under Rule 24(b).

As a threshold matter, the Court must determine whether the proposed intervenor has standing to intervene. Where no existing party seeks the same relief as the proposed intervenor, the intervenor must independently establish standing. *See Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006). The mere assertion that a nonparty seeks to gain access to documents that are subject to a protective order does not establish standing to intervene, because that nonparty has no personal stake in the litigation. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525–526 (5th Cir. 1994).

---

[1] Moreover, the coverage of this Agreed Protective Order was extended by the parties and this Court to non-party, Texas A&M University, and its member, the Texas A&M Transportation Institute ("TTI"), when, in complying with orders of this Court, it also produced thousands of documents containing, confidential, proprietary, experimental, and protected documents. Trinity and TTI intend to respond to Movants' Motion to Unseal (Dkts. 400, 401, 404) only if the Motion to Intervene is granted. *See* WRIGHT & MILLER, 8A FED. PRAC. & PROC. CIV. § 2044.1 (3d ed.) ("[G]ranting intervention does not imply that the protective order will be modified, but provides only that the intervenor may be heard on that subject.").

**DEFENDANTS' RESPONSE TO MOTION TO INTERVENE**                                                           **PAGE 2**

Next, even if the would-be intervenor has standing, Rule 24(b) of the Federal Rules of Civil Procedure permits intervention only "when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(1)(B). This common-question requirement is another prerequisite for permissive intervention. *Newby v. Enron Corp*, 443 F.3d 416, 421 (5th Cir. 2006). Further, while the decision to permit intervention is discretionary, the determination of the common-question requirement is not discretionary, but is a question of law. *Id*. Only after the court determines that the common-question requirement is satisfied can the court exercise its discretion as to whether to allow intervention. *See Weiss v. Allstate Ins. Co*., No. 06-3774, 2007 WL 2377116, *3 (E.D. La. Aug. 16, 2007). In exercising this discretion, the Court may consider, among other things, whether the intervention is untimely and whether it "will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b)(3).

Finally, reversal of a district court's denial of permissive intervention under Rule 24(b) virtually never happens, and has been described by one Court as a "rare bird." *Grewal v. Cueno*, No. 13 Civ. 6836 RA HBP, 2014 WL 2095166 (S.D.N.Y. May 20, 2014) (quoting *AT & T Corp. v. Sprint Corp.,* 407 F.3d 560, 562 (2d Cir. 2005)). In fact, the Fifth Circuit "has never reversed a denial of permissive intervention." *Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist*., 88 F.3d 274, 281 (5th Cir. 1996); *Hopwood v. State of Tex*., 21 F.3d 603, 606 (5th Cir. 1994) ("As we have noted, we have never reversed a lower court's decision on Rule 24(b) intervention.").

## II.     Under Fifth Circuit law, the Nonparty Movants lack standing to intervene.

Rule 24 is intended to prevent multiple lawsuits where common questions of law or fact are involved but is not intended to allow the creation of whole new lawsuits by the intervenors.

*Deus*, 15 F.3d at 525. The intervening party becomes a "party" for the purpose of protecting some right or interest alleged by the intervenor to be affected by the proceeding. *Id.* A threshold question on a motion to intervene, therefore, is whether the movant has a cognizable right or interest that can be protected only through becoming a party to the proceeding. *Id*. If the movant lacks such a right or interest, then the motion "is not in accord with the purposes of rule 24" and should be denied. *Id*.

Therefore, a would-be intervenor must have standing to intervene and may not intervene solely to gain access to documents that are subject to a protective order, "absent some underlying right creating standing for the movants." *Id.* at 525–526.

In *Deus*, an insurance agent sued Allstate for, among other things, breach of an employment contract. During discovery and trial, the court record was sealed. *Id*. at 525. Another insurance agent, Randy Lane, pursued similar claims against Allstate in another court, and Lane filed a motion to intervene pursuant to Rule 24(b).

Affirming the district court's denial of intervention, the Fifth Circuit held that "[t]he desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim, absent some underlying right creating standing for the movants." *Id*. But Lane "ha[d] no rights or claims that [he] wanted the district court to adjudicate. The only purpose of [Lane's] attempted intervention was to gain access to documents and testimony that [were] subject to the protective order" for use in Lane's separate lawsuit against Allstate. *Id.* The Fifth Circuit determined that, "merely trying to gain access to discovery materials generated in an earlier [lawsuit] for use in their own [lawsuit] against the same defendant" is not "a claim or defense needing protection" through permissive intervention. *Id*. at 525-26. The Fifth Circuit therefore concluded that Lane simply had no personal interest

affording him standing to intervene and held that, "[a]s a matter of law... it would be an abuse of discretion to grant the intervention in this case." *Id*. at 525.

Like Lane, Movants have no rights or claims that they want this Court to adjudicate. They want only "to gain access to documents and testimony that are subject to the protective order." *Id*. Therefore, like Lane, Movants have no standing to intervene and their motion should be denied.[2]

In *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006), the Court stated that an exception to *Deus*'s standing requirement exists when two conditions are met. First, there must be ongoing litigation. (This condition is satisfied.)  And second, the would-be intervenor must seek the same ultimate relief that is being sought by at least one of the existing parties.  (As explained below, this condition is *not* satisfied). As the *Newby* Court explained: "Article III does not require intervenors to independently possess standing where **[both]** [1] the intervention is into a subsisting and continuing Article III case or controversy **and** [2] the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so." *Id.* at 422.  If both of these conditions do not exist, the putative intervenor must have standing. As the Fifth Circuit held in Newby, "***Deus* remains good law**." 443 F.3d at 421 (emphasis added).

Movants misunderstand this authority, arguing that *Deus* no longer applies because the Fifth Circuit adopted a blanket "exception" to the standing requirement when a party intervenes solely for the purpose of unsealing records. Dkt. 399 at 4 & n.2. This is incorrect. Article III standing is relaxed only when the two aforementioned conditions have been met.

---

[2] In fact, Movants stand on even worse footing than Lane because they lack any common question of law or fact and have no justiciable case or controversy against Trinity. *See infra*, Part III.

Movants make no attempt to demonstrate that they satisfy **the second** of *Newby*'s conditions for relieving them of the need to inpendently possess standing—nor can they. Neither Harman nor Trinity seeks to unseal protected documents (the ultimate relief sought by the would-be intervenors). Indeed, most documents are protected under an Agreed Protective Order, Plaintiff himself moved to seal 29 of the documents Movants seek to unseal, and Plaintiff has abstained from taking a position on the current motion. *See* Dkt Nos. 38, 75, 127, 180, 209, 215, 218, 224, 233, 272, 257, 295, 316, 318, 329, 331, 347, 354, 368 (Plaintiff's motions to seal pleadings at Dkt. Nos. 37, 76, 126, 134, 177, 214, 216, 219, 225, 234, 255, 256, 258, 259, 260, 261, 296, 297, 298, 300, 317, 320, 321, 323, 330, 332, 348, 355, 369). Because no existing party seeks the same relief that Movants seek, *Newby*'s exception to the standing requirement does not apply and Movants must establish independent standing to intervene. *Weiss*, 2007 WL 2377116, *3 (putative intervenor did not have to independently possess standing under *Deus* because, unlike the present case, **both** the putative intervenor **and the plaintiff** sought to prevent the sealing of certain trial exhibits); *see also, e.g. Horne v. Flores*, 557 U.S. 433 (2009) (group of legislators intervened to argue a contempt order should be lifted—the same relief that one of the parties was seeking).

Accordingly, *Deus* governs, and Movants must demonstrate some independent basis for standing before being permitted to intervene to gain access to protected documents. *Deus*, 15 F.3d at 525–526; *see also U.S. v. Carriles*, 654 F. Supp. 2d 557, 565 (W.D. Tex. 2009) (requiring would-be intervenor, to show standing to intervene, even if only for purpose of opposing Government's motion for protective order); *Scheiner v. i2 Techs., Inc.*, No. 301CV418H, 2003 WL 22838720, at *1–2 (N.D. Tex. Nov. 24, 2003) (denying intervention for nonparties seeking access to protected documents, based on lack of standing); *Aetna Ins. Co.*, No. 95-3625, 1996

WL 537743, at *1–2 (E.D. La. Sept. 20, 1996) (same); *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n. 9 (1977) ("As long as there is 'at least one individual plaintiff who has demonstrated standing to assert these rights as his own," a court "need not consider whether the other ... plaintiffs have standing").

For the separate and independent reason that Movants lack standing to pursue permissive intervention, the Motion should be denied as a matter of law.

### III.   Movants fail to demonstrate a common question of law or fact as a matter of law.

Even where full Article III standing is not required, the would-be intervenor still must have some "claim or defense that shares with the main action a common question of law or fact," under Rule 24(b)(1)(B). The court must make an initial determination regarding the common-question requirement, which "is not discretionary; it is a question of law." *Newby*, 443 F.3d at 421–422. Only after the court has determined that the common-question requirement is satisfied, under Rule 24(b)(1)(B), can it exercise its discretion to determine whether to permit intervention. *Weiss*, 2007 WL 2377116, at *2 ("the Court must first decide whether, as a matter of law, the applicant's 'claim or defense and the main action have a question of law or fact in common'").

Movants essentially ignore this preliminary legal requirement in their Motion. They seem to address the common-question requirement only by implication, in a single sentence, declaring (without authority or substantive argument) that "the question raised by Movants—whether the court documents are appropriately sealed—is a question already in this case." Dkt. 399 at 4. This statement is inaccurate. Whether the court documents are appropriately sealed is not a question presently raised by either Harman or Trinity. Instead, this is a question raised by Movants alone. Movants' implicit common-question argument is therefore circular, because they assert that the question of whether the court documents are appropriately sealed is a common question in this

lawsuit when the question exists only because they raised it themselves. That is not the standard under Rule 24(b).

Further, there is no Fifth Circuit authority for the proposition—implied by Movants in a single sentence—that the question whether documents should be unsealed, even if raised by the parties to the lawsuit, can itself constitute the "common question of law or fact" required as a matter of law, for intervention under Rule 24(b)(1)(B).

Without addressing the common-question requirement, Movants cite *Newby*, *In re Enron*, and *Weiss* to support their intervention solely for the purpose of obtaining access to documents. Dkt. No. 399 at 4 & n.2. But in each of these cases the court permitted intervention **because** the intervenor shared a common question of law or fact **with the main action**. In other words, Movants' cases all focus on a common question **other than** whether documents should be unsealed. *Newby*, 443 F.3d at 422–423 (concluding Texas Board of Public Accountancy could intervene in litigation against Enron, to gain access to documents, because the state agency was investigating Enron's collapse and therefore had "questions of fact and law in common with the *Enron* litigation"); *In re Enron*, 229 F.R.D. at 130–131 (concluding Texas State Board of Public Accountancy could intervene in litigation against Enron because the Board was investigating Enron and "clearly share[d] common questions of law and fact with the original parties"); *Weiss*, 2007 WL 2377116, at *1–*3 (concluding onprofit organization could intervene in litigation against Allstate because organization was "party to a proceeding before the California Department of Insurance [seeking] to require Allstate to lower its…insurance rates," and therefore had "questions of law and fact in common with the *Weiss* litigation" (internal quotations omitted)). In short, none of these cases supports Movants' implicit claim that their desire to unseal documents is enough to satisfy the common-question requirement.

Movants are not like the intervenor in *Newby* and *In re Enron* who was contemporaneously investigating the defendants, nor are they like the intervenor in *Weiss* who was involved in contemporaneous administrative proceedings against the defendant. Movants have no claim or defense that shares a common question of law or fact with the main action. And none of the Fifth Circuit cases Movants cite supports Movants' implicit claim that their desire to unseal documents is—alone —enough to satisfy the common-question requirement.

Movants also cite a string of cases from other circuits to contend that they "may intervene under Rule 24(b) to seek access to protected or sealed documents." Dkt. No. 399 at 4 n.1. But, by ignoring the common-question requirement, Movants fail to recognize or acknowledge that these other courts permitted nonparties to intervene, for the purpose of challenging protective orders, only where the common-question requirement was satisfied. *See*, *e.g.*, *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987) (permitting nonparty to intervene to obtain access to discovery because nonparty was pursuing, in the same federal court, "a related claim in a somewhat similar time frame of alleged anticompetitive conduct" and therefore had "questions of law or fact in common" with the main action); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (permitting collateral litigants to intervene to obtain access to discovery because there was a "common issue between the instant case and the other suits").[3]

---

[3] To the extent Movants rely on authority from other circuits to contend that their desire to unseal documents is enough to satisfy the common-question requirement (*see*, *e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994)), Movants fail to explain why this Court should follow extra-circuit authority instead of following *Newby*, *In re Enron*, and *Weiss*. Moreover, this Court has discretion to deny permissive intervention "even if the potential intervenor satisfies the requirements of Rule 24(b)." *Nipponkoa Ins. Co., Ltd. v. Port Terminal R.R. Ass'n*, No. H-10-0284, 2011 WL 1103584, at *2 (S.D. Tex. Mar. 23, 2011) (citing *Newby*, 443 F.3d at 424)); *Weiss*, 2007 WL 2377116, at *2. Notably, in citing rulings in other circuits, the Movants have failed to acknowledge decisions denying permissive intervention where the intervenor's sole purpose is to modify a protective order—even where the would-be intervenor was a collateral litigant with common questions

Movants claim that they seek to unseal documents in this case because they have an "interest" in "safety issues." *See* Dkt. 399 at 2–3. Movants make no effort to argue that this interest satisfies Rule 24's common-question requirement, and it plainly does not. First, having a mere "interest" in a matter does not amount to having a "claim or defense" that satisfies Rule 24. *Cf.* Fed. R. Civ. P. 24(c) (requiring movants to file a pleading "that sets out the claim or defense for which intervention is sought").

Second, this litigation, brought under the False Claims Act, is not about "safety issues." The current litigation concerns whether false claims for payment were submitted to the U.S. Government. Movants point to Relator Joshua Harman's *allegations* regarding the "safety" of Trinity's guardrail end terminals. Dkt. No. 399 at 1. But—as Trinity has tried to make clear from the start—this is not a products liability case, and Harman's allegations about the ET-Plus being "unsafe" are irrelevant to whether Trinity made false statements that violated the FCA. This Court will not decide any question of law regarding the "safety" of Trinity's products, and the jury will not decide any question of fact regarding the "safety" of Trinity's products. Because Harman's "safety" allegations are irrelevant to his FCA claims, and because neither the Court nor the jury will answer any question of law or fact regarding the "safety" of Trinity products, the Movants' interest in "safety issues" cannot be construed as a "claim or defense that shares with the main action a common question of law or fact," under Rule 24(b).

For the separate and independent reason that no common question of law or fact supports permissive intervention under Rule 24(b), the Motion should be denied as a matter of law.

---

of law or fact—because it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See, e.g.*, *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005).

### IV. Movants delayed the filing of this intervention motion, causing prejudice.

Movants' argument that there is no delay or prejudice is inacurrate. Movants do not state how long they had notice of their alleged interest in the instant litigation before seeking leave to intervene, but on information and belief, they have had notice of this lawsuit since at least February or March of 2014. At a minimum, Movants delayed the filing of the instant Motion by several months—well after the close of discovery, the filing of dispositive motions, and the initial trial of this matter.

Moreover, Defendants and TTI would be prejudiced if required to undertake the onerous burden to demonstrate why over fifty sealed pleadings and hundreds of exhibits should remain sealed in light of the impending trial date. For over a year, Defendants and TTI have relied on the Protective Order knowing that their proprietary documents were protected. Movants' eleventh-hour attempt to intervene less than two months before trial comes as a surprise and will cause delay and prejudice.

For the separate and independent reason that permissive intervention will cause delay and prejudice, it should be denied.

### CONCLUSION

For each of the foregoing reasons, Trinity respectfully requests that the Motion to Intervene of the Center for Auto Safety and The Safety Institute (Dkt. No. 403) be denied, and that Trinity be granted any further relief to which it is justly entitled.

                                  Respectfully submitted,

                                  */s/ Heather Bailey New*

| | |
|---|---|
| J. Mark Mann, Esq. | Heather Bailey New, Esq. |
| Texas Bar No. 12926150 | Texas Bar No. 24007642 |
| MT2 LAW GROUP | BELL NUNNALLY & MARTIN LLP |
| 300 West Main Street | 3232 McKinney Ave., Suite 1400 |
| Henderson, Texas 75652 | Dallas, Texas 75204 |
| Telephone: (903) 657-8540 | Telephone: 214-740-1400 |
| Fax: (903) 657-6003 | Fax: 214-740-1499 |
| mm@themannfirm.com | heathern@bellnunnally.com |
| | |
| Mike Miller, Esq. | Sarah R. Teachout, Esq. |
| Texas Bar No. 14101100 | Texas Bar No. 24008134 |
| 201 W. Houston St. | Arnold Spencer, Esq. |
| Marshall, Texas 75670 | Texas Bar No. 00791709 |
| Telephone: (903) 938-4395 | AKIN GUMP STRAUSS HAUER |
| Fax: (903)938-3360 | & FELD LLP |
| mikem@millerfirm.com | 1700 Pacific Avenue, Suite 4100 |
| | Dallas, TX 75201-4624 |
| Russell C. Brown, Esq. | Telephone: 214-969-2800 |
| Texas Bar No. 03167510 | Fax: 214-969-434 |
| THE LAW OFFICES OF | steachout@akingump.com |
| RUSSELL C. BROWN, P.C. | aspencer@akingump.com |
| P.O. Box 1780 | |
| Henderson, Texas 75653-1780 | Ethan L. Shaw, Esq. |
| Telephone: 903.657.8553 | Texas Bar No. 1810480 |
| Fax: 903.655.0218 | SHAW COWART LLP |
| russell@rcbrownlaw.com | 1609 Shoal Creek Blvd., Suite 100 |
| | Austin, Texas 78701 |
| | Telephone: (512) 499-8900 |
| | Fax: (512) 320-8906 |
| | elshaw@shawcowart.com |

                **ATTORNEYS FOR DEFENDANTS TRINITY INDUSTRIES, INC.
                      AND TRINITY HIGHWAY PRODUCTS, LLC**

## CERTIFICATE OF SERVICE

I certify that the above Response was filed on August 21 2014, through the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all parties and counsel.

>*/s/ Heather Bailey New*
>Heather Bailey New

1813464_4