# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| JOSHUA HARMAN, ) | |
| ) | Civil Action No. 2:12-CV-89 |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| TRINITY INDUSTRIES, INC, and ) | |
| TRINITY HIGHWAY PRODUCTS, LLC, ) | |
| ) | |
| **Defendants.** ) | |

## REPLY OF THE CENTER FOR AUTO SAFETY AND THE SAFETY INSTITUTE IN SUPPORT OF THEIR MOTION TO INTERVENE

Leslie A. Brueckner
(admitted *pro hac vice*)
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
lbrueckner@publicjustice.net

David Bright
Texas Bar No. 02991190
Sico White Hoelscher Harris & Braugh LLP
900 Frost Bank Plaza
802 N. Carancahua, Suite 900
Corpus Christi, TX 78401
Phone: (361) 653-3300
dbright@swhhb.com

Jerry M. White
Texas Bar No. 21308700
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Phone: (501) 791-2277
jerry@tturner.com

Attorneys for Intervenors

## INTRODUCTION

Trinity does not deny that the public has a presumptive right of public access to court records. Nor does it deny that no compelling need for secrecy was ever shown in this case. Instead, Trinity argues that (1) Movants lack "standing" to intervene because the plaintiffs have not joined the motion to unseal; and (2) the records must remain sealed because Trinity "relied" on a stipulated protective order. As explained below, these arguments lack merit: The presumption of public access does not disappear simply because the parties have stipulated to secrecy, yet that is precisely what Trinity is arguing.

To be clear: Trinity's position is a radical one. In Trinity's view, even though the public has a presumptive right of access to court records, the public has no standing to enforce that right of access. And that is true, in Trinity's view, even where—as here—the only reason the records were sealed is because they contain materials designated confidential under a stipulated protective order. Under this regime, so long as the parties stipulate to secrecy in discovery, court records may be sealed without any judicial findings at all. This is not the law.

**A. Movants Have Standing to Intervene to Unseal Court Records.**

Contrary to Trinity's argument, *Deus v. Allstate Insurance Co.*, 15 F.3d 506 (5th Cir. 1994), does not strip movants of their standing to intervene. First, *Deus* is inapplicable because there, unlike here, the proposed intervenor had an alternative means of obtaining access to the documents—a fact the Fifth Circuit found dispositive. *See id.* at 526.

Second, the Fifth Circuit has expressly limited *Deus* to cases in which there is an "absence of a live controversy." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) (clarifying that "*Deus* arrived at its holding . . . in light of having just dismissed the plaintiff's claims. . . . In contrast, there is no Article III requirement that intervenors have standing in a *pending* case." *Id*.

1

at 421-22 (emphasis in original).  Because this case is still very much alive, *Deus* is inapposite.

Third, Trinity is wrong in claiming that, even under *Newby*, intervention must be denied because the proposed intervenors are not "seek[ing] the same ultimate relief that is being sought by one subsisting party with standing to do so."  Doc. 414, Defs.' Resp. to Mot. to Intervene 5 (Aug. 21, 2014) (quoting *Newby*, 443 F.3d at 422 (quoting *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998))).  This argument ignores that, in *Newby* itself, the Fifth Circuit permitted a nonparty to challenge the confidential status of discovery materials that had been made confidential by stipulation even though no party was challenging the confidential designation.  *Id.* at 418.[1]

Fourth, Trinity is wrong in claiming Movants have failed to assert "some claim or defense that shares with the main action a question of law or fact."  Doc. 414, at 7.  Although neither party has joined the motion to intervene, the propriety of the sealing of the court records is still a question in this case:  "The District Court cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public."  *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).  Thus Movants *do* "share with the main action a question of law or fact" sufficient to warrant permissive intervention.[2]

---

[1] The language quoted by Trinity on this point comes from *Ruiz*, 161 F.3d 814, which—although cited in *Newby* (443 F.3d at 442)—had nothing to do with the sealing of court records or with permissive intervention under Rule 24(b).  In *Ruiz*, the fact that the intervenors sought the same result as the plaintiff was an important criterion for granting intervention *as of right* under the relevant statute.  That factor has no application in the context of permissive intervention to challenge the sealing of court records, as *Newby*'s holding makes clear.

[2] Indeed, if the Fifth Circuit were to adopt a contrary view, it would become the outlier among the federal courts.  *See* Doc. 399, Br. in Supp. of Mot. to Intervene 3, 4 & 4 n.1 (Aug. 14, 2014).  In fact, two of those cases, *San Jose Mercury News, Inc. v. U.S. District Court for the Northern District (San Jose)*, 187 F.3d 1096 (9th Cir. 1999), and *EEOC v. National Children's Center*, 146 F.3d 1042 (D.C. Cir. 1998), were cited with approval in *Newby* for the proposition that

Finally, Movants have a concrete stake in the outcome of this controversy distinct from the public's general interest in access to court records. Trinity attempts to distinguish this case from *Newby*, 443 F.3d at 416, *In re Enron*, 229 F.R.D. 126 (S.D. Tex. 2005), and *Weiss v. Allstate Insurance Co.*, 2007 WL 2377116, Civ. Action No. 06-3774 (E.D. La. Aug. 16, 2007), on the ground that the intervenors in those cases were involved in outside investigations or other non-court proceedings related to defendants. Doc. 414, at 8. Even if this objection were valid in theory (and it is not, because permissive intervention does not require such a showing), it is wrong as a matter of fact because Movants' core missions *are* directly related to the subject matter of this case. As previously explained in the Motion to Intervene, the Center for Auto Safety and The Safety Institute are both non-profit safety organizations dedicated to, among other things, educating the public about the hazards of motor vehicles and working to remove unsafe highway fixtures from our nation's roads. The Safety Institute, moreover, is co-sponsoring an on-going investigation of the hazards of highway guardrails, *including the ET-Plus*. To the extent the records in this case contain any information relating to the safety of those end terminals, the sealing of the records is directly harming Movants' efforts to educate consumers—just like in the cases cited by Trinity. *See, e.g.*, *Weiss*, 2007 WL 2377116, at *3.[3]

---

"[n]onparties to a case routinely access documents and records under a protective order or under seal in a civil case through motions for permissive intervention." *Newby*, 443 F.3d at 424.

[3] Trinity's claim that the underlying suit is not about the safety of the ET Plus is invalid. Relator alleges, among other things, that Trinity violated the False Claims Act by misrepresenting to the federal government that the newer ET-Plus terminals conformed to *safety* standards. Doc. 1, Compl. ¶¶ 8, 13, 14 (Mar. 6, 2012). Further, Relator seeks damages in an amount sufficient to recall and replace the unsafe end terminals (*see id.* ¶ 20(a))—and getting unsafe highway fixtures off the road is the ultimate goal of the Movants, too.

### B. Trinity's Alleged Reliance on the Stipulated Protective Order is Irrelevant.

Trinity's alleged "reli[ance] upon the Protective Order in filing thousands of pages of proprietary, confidential documents under seal" (Doc. 414, at 11) does not change the analysis. The protective order was stipulated to by the parties and, with the exception of one document, none of the confidential designations were even supported by a showing of good cause. *See* Doc. 135, Order Granting Mot. for Protective Order (Feb. 26, 2014) (holding confidential designation appropriate as to one document). It is well-established that reliance on a stipulated protective order cannot be the basis for sealing court records.[4]

That makes perfect sense: As explained in Movants' unsealing brief (Doc. 401 at 6-7, 9-11), even if the documents were properly designated as confidential under the "good cause" requirement of Rule 26(c), the standard for confidentiality during the discovery process is lower than the standard for sealing records filed in court. If Trinity wants to keep the court records under seal, it needs to make the showing required by Fifth Circuit law; it cannot leap over the presumption of public access simply by stipulating to secrecy early on in the case.

### C. The Intervention Motion Is Timely.

Finally, Trinity's suggestion that intervention should be denied because Movants "inexcusably" delayed in filing their motions to intervene and unseal is meritless. There is a "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." *Pansy*, 23 F.3d at 779 (listing cases). In *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470 (9th Cir. 1992), for example, intervention to challenge a protective order was allowed approximately two years

---

[4] *See, e.g.*, *San Jose Mercury News*, 187 F.3d at 1101; *Citizens First Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Proctor & Gamble*, 78 F.3d at 227; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *City of Hartford v. Chase*, 942 F.2d 130, 137-38 (2d Cir. 1991).

after the underlying case was terminated, *id.* at 471-73, and the Ninth Circuit has noted that "delays measured *in years* have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News*, 187 F.3d at 1100–01 (emphasis added); *see also EEOC*, 146 F.3d at 1047 (holding that motion to intervene to challenge post-judgment confidentiality filed over two years after settlement was timely); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) (concerns about last-minute disruptions not present when the intervention is only "to litigate only the issue of the protective order," "a particularly discrete and ancillary issue"). In this case, the litigation is still pending and thus there can be no valid argument that the intervention is untimely.

Furthermore, Trinity's argument that Movants' time began ticking when Harman's suit was filed makes no sense as a matter of fact. At the time suit was filed, Movants had no way of knowing that "over fifty sealed pleadings and hundreds of exhibits" would eventually be filed under seal—and that they would remain sealed even through trial. *Id.* Indeed, the latest dispositive pleadings were sealed and the sealed dispositive motions were ruled on in July 2014, and Movants filed their motion to intervene in August, hardly a dilatory delay. And because the motion was filed in the interim period between the initial trial and the retrial, there is ample time for Trinity to respond without having to juggle other demands of this litigation.

## CONCLUSION

For the foregoing reasons, the motion to intervene should be granted.

5

Respectfully submitted,

 /s/ Leslie A. Brueckner
Leslie A. Brueckner
(admitted *pro hac vice*)
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
lbrueckner@publicjustice.net

David Bright
Texas Bar No. 02991190
Sico White Hoelscher Harris & Braugh LLP
900 Frost Bank Plaza
802 N. Carancahua, Suite 900
Corpus Christi, TX 78401
Phone: (361) 653-3300
dbright@swhhb.com

Jerry M. White
Texas Bar No. 21308700
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Phone: (501) 791-2277
jerry@tturner.com

Attorneys for Intervenors

**CERTIFICATE OF SERVICE**

I certify that the above Reply of the Center for Auto Safety and The Safety Institute in Support of Their Motion to Intervene was filed on August 26, 2014, via the CM/ECF system, which automatically serves all counsel for all parties.

        /s/ Leslie A. Brueckner
Leslie A. Brueckner
Attorney for Intervenors