# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. JOSHUA HARMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> TRINITY INDUSTRIES, INC. and TRINITY HIGHWAY PRODUCTS, LLC, <br><br> *Defendants*. | CASE NO. 2:12-CV-00089-JRG |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Before the Court is Defendant Trinity Industries, Inc. and Trinity Highway Products, LLC's (collectively, "Trinity") Emergency Motion for Legal Ruling Pursuant to Rule 16 and Trinity's Emergency Request for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

The Court has reviewed Trinity's motion and request for interlocutory certification, the related briefing, and all of the facts in the record. After careful consideration, the Court is persuaded that Trinity's "Rule 16" motion is simply a motion for reconsideration of the Court's prior verbal order denying Trinity's motion for summary judgment. The Court also finds that both Trinity's motion for reconsideration and request for interlocutory certification are untimely and without merit. Accordingly, and for all the reasons stated below, the Court **DENIES** Trinity's "Rule 16" motion (Dkt. No. 413) and Trinity's Emergency Request for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Dkt. No. 412).

1

## II.     Procedural History

In its "Rule 16" motion, "Trinity asks the Court to declare that the FHWA's [Federal Highway Administration's] June 17, 2014 decision letter bars recovery under the False Claims Act."  Dkt. No. 413, at 2.  This is certainly not the first time Trinity has advanced this argument.  Trinity's motion to dismiss asked the Court to give effect to a prior FHWA letter, and to reject the relator's effort to "impose his own misguided and incorrect interpretations of federal policy."  Dkt. No. 29, at 12, 18-19.  The Court denied Trinity's motion to dismiss in an order issued on January 6, 2014.  Dkt. No. 96.  Trinity then expanded on the same argument—at great length—in its motion for summary judgment.  Dkt. No. 247, at 13-23 (setting out Trinity's argument under the heading, "The FHWA Has Thoroughly Evaluated Harman's Allegations and Continues to Fully Approve the ET-Plus for Federal Funding and Use on the Nation's Highways").

Although Trinity's motion for summary judgment predated the FHWA's June 17 Letter, it filed the letter as an exhibit to its supplemental briefing in support of such motion.  *See* Dkt. No. 279-1.  Trinity then argued that the letter should have dispositive legal force in said supplemental brief (Dkt. No. 279) and in its reply brief (Dkt. No 326).  Moreover, defense counsel was not shy about advancing this position during oral argument on Trinity's motion for summary judgment at the pretrial conference held on July 7, 2014.  *See e.g.* Dkt. No. 350, at 17:1-13.  In fact, this letter and Trinity's view of it consumed the vast majority of their presentation to the Court.  The Court was not persuaded that the various letters issued by the FHWA mandate judgment as a matter of law in favor of Trinity, and therefore denied Trinity's motion for summary judgment. Nevertheless, defense counsel did not hesitate to reiterate its argument with respect to the effect of the FHWA's June 17 Letter in subsequent pre-trial hearings.  *See* Dkt. No. 350 at 59:11-12 (denying Trinity's motion for summary judgment); Dkt. No. 352, at 14:13-22, 38:18-23.

2

In this context, the Court can only interpret the instant motion as Trinity's latest overture in an ongoing effort to resuscitate its failed summary judgment motion. Trinity cites no precedent for this attempt, or its strained effort to come within Fed. R. Civ. P. 16. Instead, Trinity argues that:

(1) "Trinity's Rule 16 Motion has framed a pure legal issue for the Court: what is the effect of the FHWA's ruling on Harman's claims as a matter of law"; and

(2) "In stark contrast, Trinity's Motion for Summary Judgment sought a final judgment. That is, Trinity asked the Court to conclude that there are no fact issues or any other obstacles to the complete termination of this litigation."

Dkt. No. 416, at 2-3. This argument borders on the absurd. Rule 56(a) provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact ***and the movant is entitled to judgment as a matter of law***." Fed. R. Civ. P. 56(a) (emphasis added). Trinity argued the legal effect of the FHWA's June 17 Letter in its summary judgment briefing and asked the Court to grand judgment as a matter of law in its favor. *See* Dkt. Nos. 279, 326. Trinity's "Rule 16" motion merely repeats the same arguments. *Compare* Dkt. Nos. 247, 279 and 326 *with* Dkt. Nos. 413 and 416. Accordingly, the Court finds that Trinity's "Rule 16" motion is simply an untimely motion for reconsideration of the Court's denial of Trinity's prior motion for summary judgment; no more—no less.

## III. Analysis: Trinity's Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, but such motions may properly be decided under Rule 59(e). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) permits a litigant to file a motion to alter or amend a judgment, provided that the motion is "filed no later

3

than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Reconsideration is an "extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A litigant seeking relief under Rule 59(e) must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

As a threshold matter, Rule 59(e) requires that any motion to alter or amend be filed "no later than 28 days after the entry of the judgment." The Court denied Trinity's motion for summary judgment on July 7, 2014. *See* Dkt. No. 350 at 59. Trinity filed its motion for reconsideration on August 20, 2014—44 days after the Court's ruling and 16 days past the deadline to file under Rule 59(e). The motion is therefore fatally late.

Even if this motion to reconsider the Court's prior ruling was not fatally late, it merely repeats arguments that were presented both orally and in writing, and that were previously rejected. Motions for reconsideration "should not be used to raise arguments that could, and should, have been made before the entry of judgment…[or] to re-urge matters that have already been advanced by a party. *Lupo v. Wyeth-Ayerst Lab.*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997); *see also Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Trinity's motion is not only untimely, but also improper.

4

In an argument that the Court considers to be nothing less than bizarre, Trinity also claims that it is entitled to a rehearing of its summary judgment motion—after a mistrial and just over a month before the scheduled retrial—because it will "save enormous private and public resources on *another super-expensive trial*." Dkt. No. 416, at 3 (emphasis added). This Court declared a mistrial, in large part, because of the allegation that Trinity threatened a potential witness in this case, Dr. Dean Sicking. During a conference with counsel in chambers in the midst of the prior trial—and before the Court declared a mistrial—Trinity's counsel, Ethan Shaw, unequivocally represented to the Court that Trinity had insisted on an opportunity to depose Dr. Dean Sicking in advance of trial, but were unsuccessful because relator's counsel had intentionally shielded him from discovery. It was this representation from defense counsel that played a major role in the Court's ultimate determination that allowing the original trial to go forward would unfairly prejudice Trinity. Trinity's memory of this exchange seems to have failed. *See* Dkt. No. 397, at 4; Dkt. No. 409, at 21-23; Dkt. No. 447, at 4. The Court's memory of this exchange has not failed.

It strains belief that Trinity would now raise the mistrial and subsequent re-setting of this case for trial—a circumstance that Trinity increasingly appears to be responsible for—as a justification for considering its untimely motion for reconsideration.

## IV. Analysis: Trinity's Request for Interlocutory Certification

Trinity has also moved the Court to certify two of its prior orders for an immediate interlocutory appeal, pursuant to 28 U.S.C. § 1292(b)—specifically, the Court's verbal order denying Trinity's motion for summary judgment and the Court's order with respect to Trinity's "Rule 16" motion. *See* Dkt. No. 412. As discussed above, the Court finds that Trinity's "Rule 16" motion is nothing more than a motion for reconsideration of the Court's denial of Trinity's summary judgment motion. If there was any doubt in that respect, it is resolved by the fact that

5

Trinity identifies "whether the FHWA's June 17, 2014 decision letter bars recovery under the False Claims Act" as the single "controlling legal issue" in its request for certification of an immediate appeal from both the prior order from the Court denying its summary judgment motion and this order, denying Trinity's "Rule 16" motion. *See* Dkt. No. 412, at 2.

As with Trinity's "Rule 16" motion, Trinity's request for interlocutory certification is untimely. Trinity had the opportunity to request such relief when it filed its motion for summary judgment, on June 13, 2014; or when the Court denied Trinity's motion, on August 7, 2014; or at any time in between. Having failed to do so, Trinity cannot now credibly claim that its request for interlocutory certification is suddenly an "emergency." To the contrary, Trinity's delay, for which it is solely responsible, indicates that its request for interlocutory certification is simply another attempt to gain a tactical advantage, and should be denied. *See Scholl v. United States*, 68 Fed. Cl. 58, 60-61 (2005) ("Unreasonable delay constitutes sufficient cause to deny a motion [for certification]" and "[i]nterlocutory review should be reserved for 'exceptional' cases").

The Court is aware of Trinity's conviction that the FHWA's June 17 Letter absolves it from any and all possible wrongdoing. However, the Court has ruled on this issue, repeatedly, and Trinity has failed to show that either reconsideration or an interlocutory certification is merited. This case is set for jury selection on October 13, 2014. Should Harman prevail on the merits, Trinity will have ample opportunity to appeal any final judgment in due course.

## V. Conclusion

For all the reasons stated above, Trinity's motion and request for interlocutory certification are untimely, procedurally defective, and substantially unwarranted. The Court **ORDERS** that both the motion (Dkt. No. 413) and the request for interlocutory certification (Dkt. No. 412) are **DENIED** in all respects.

**So ORDERED and SIGNED this 18th day of September, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE