# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | §
UNITED STATES OF AMERICA EX REL. | §
JOSHUA HARMAN, | §
| §
 *Plaintiff*, | §
| § CASE NO. 2:12-CV-00089-JRG
*v.* | §
| §
TRINITY INDUSTRIES, INC. and | §
TRINITY HIGHWAY PRODUCTS, LLC, | §
| §
 *Defendants*. | §

## ORDER

Before the Court is Defendants' Motion to Reconsider the Exclusion of Dr. Malcolm H. Ray's July 8 Supplemental Expert Opinions (Dkt. No. 525). For the reasons stated below, Defendants' motion is **DENIED**.

## I. Procedural History

On July 7, 2014 the Court conducted a pretrial hearing in this case. At said hearing, the Court took up numerous motions from both parties, including Defendant's motion to strike supplemental reports offered by Plaintiff's expert (Dkt. No. 252). After considering the briefing and the evidence in the record, and after hearing argument from the parties, the Court denied Defendants' motion as reflected in the record. *See* Dkt. No. 350 at 74:12-85:8.

Despite receiving Dr. Coon's supplemental reports in May, Defendants took no action over the more than fifty days leading up to the Court's ruling on July 7. Instead, Defendants let roughly two months go by without taking any action; waited until the Court ruled against them; and then attempted to serve a supplemental expert report on July 8, 2014—six days before the

original jury selection in this case.[1] This was a risky strategy, and Defendants' dilatory conduct contributed to the Court's decision to strike portions of Dr. Ray's supplemental report. *See e.g.* Dkt. No. 362 at 11:20-23 ("[The Court is] not persuaded that you're in a position where a supplemental report from your expert filed last night or early this morning, whenever it cleared the filing process, could not have been done earlier, should not have been done earlier, and . . . we're on the cusp of trial. This is not the time to be supplementing experts' reports.").

Defendants now ask the Court to reconsider its decision, from July of this year, excluding portions of Dr. Ray's Report. The instant motion for reconsideration was filed today, October 9, 2014: three months after the Court's order striking portions of Dr. Ray's report, more than two months after the Court declared a mistrial in this case, and only *two working days before jury selection* in the second trial. Defendants' delay comes despite the fact that they have filed more than a dozen motions since September, including several motions concerning the scope of expert testimony and several motions to reconsider the Court's prior rulings. *See e.g.* Dkt. No. 443, 445 and 460.

## II.     Analysis

Without restating the history recited above, the Court finds that Defendants have again failed to seek relief a timely fashion. The Court does not know if Defendants' delay was the result of error or another ill-advised tactical decision, and Defendants' brief makes no effort whatsoever to address or explain their delay. They simply it ignore it. *See* Dkt. No. 525. Instead, Defendants argue: (1) that Plaintiff's timeliness objection to Dr. Ray's report is now moot; and (2)

---

[1] This case was tried before a jury between July 14 and July 18, 2014, when the Court declared a mistrial and ordered a new trial. Dkt. No. 393 at 3-10.

that the Court should admit Dr. Ray's report because "the Court has permitted additional expert supplementation since the July 2014 trial." Dkt. No. 525 at 1.

Defendants' first argument is unavailing. While the timeliness concerns that originally contributed to the Court's order striking portions of Dr. Ray's report have abated to some extent, given the declaration of a mistrial and the intervening delay, the second jury selection in this case is now set to begin in only four days. Accordingly, Defendants' eleventh-hour motion for reconsideration introduces new timeliness issues. Defendants acknowledge that Plaintiff raised substantive objections to the expert report at issue—objections the Court did not previously reach. Dkt. No 525 at 2 ("The ruling [striking Dr. Ray's report] did not address [Plaintiff's] argument that opinions S1-S3 were legal opinions."). Defendants' eleventh hour filing allows no time for Plaintiff to advance such objections, or for the Court to weigh the parties' arguments and the evidence. Moreover, this is not the only pretrial matter the Court must address prior to voir dire.

Defendants further argue that Dr. Ray's supplemental report should be permitted because the Court allowed both parties to supplement their expert reports in another context. Dkt. No. 525 at 3. Defendants compare apples and oranges. Before the first trial in this case, the Court excluded certain evidence regarding the so called "flared" ET-Plus. *See* Dkt. 352 at 82 (granting Defendants' motion in limine). At that time the Court expressly left open the possibility that such evidence would be allowed, if Plaintiff could lay a proper predicate for its admission. *Id.*

Following the Court's declaration of a mistrial, Plaintiff submitted a supplemental expert report which purported to show the relevance of such previously-excluded evidence. Defendants moved to strike that supplemental report, again without offering any support from their own experts. *See* Dkt. No 445. There, Defendants made the identical tactical decision to rely entirely on legal arguments advanced in their motion. *See* Dkt. No. 516 at 29 (Defendants' counsel

3

argued: "I guess my strategy was this – and perhaps it was a bad one, Judge. But I said, if I put an affidavit out there, you're going to maybe look at me and say, that sounds like something two experts can work out with each other on cross-examination."). Ultimately, the Court found that the jury should hear the issues presented in Plaintiff's supplemental report. Dkt. No. 416 at 43. However, to mitigate any prejudice (despite Defendants' lack of effort to do so for itself), the Court also ordered that plaintiff's expert be deposed and afforded Defendants the opportunity to have their expert rebut his opinions. *Id.*

There, the Court weighed the specific facts at issue before allowing both parties to supplement their expert reports. That supplementation was necessitated, in large part, by non-party Texas A&M's late production of the underlying data.[2] Moreover, there the Plaintiff served his supplemental expert report well in advance of trial, allowing the defendant time to assert its objections. That situation is very different from the one now before the Court, despite Defendants' efforts to equate the two.

Defendants made the decision not to obtain a supplemental expert report to counter those offered by Plaintiff, relying on a naked motion to strike comprised of lawyer's arguments only. Defendants then decided to wait nearly three months before seeking reconsideration of the Court's order denying their motion. If they are left empty handed, it is no one's fault but their own. This type of conduct on the very eve of jury selection and trial does not support reconsideration of actions taken by the Court approximately three months ago.

### III. Conclusion

For all of the reasons stated above, Defendants' Motion to Reconsider the Exclusion of Dr. Malcolm H. Ray's July 8 Supplemental Expert Opinions (Dkt. No. 525) is **DENIED**.

---

[2] Although not a party to this action, Texas A&M is wholly aligned with Defendants and adverse to Plaintiff.

**So ORDERED and SIGNED this 9th day of October, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE