# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOSHUA HARMAN, <br><br> Plaintiff/Relator, <br><br> v. <br><br> TRINITY INDUSTRIES, INC. and TRINITY HIGHWAY PRODUCTS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 2:12-CV-0089 |

### EMERGENCY MOTION TO STAY TRIAL IN LIGHT OF FIFTH CIRCUIT RULING, AND MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL OR, IN THE ALTERNATIVE, SET EXPEDITED BRIEFING SCHEDULE ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Minutes ago, the Fifth Circuit issued a significant ruling on Trinity's mandamus petition (attached for the Court's convenience). The ruling dramatically impacts the trial currently set to start before this Court on Monday, October 13. Accordingly, Defendants move this Court to stay the upcoming trial, in light of the Fifth Circuit mandamus ruling.

1. Defendants further move this Court for certification for interlocutory review (consistent with Trinity's previous briefing on this issue).

Defendants submit that certification for interlocutory review is the prudent course, in light of the Fifth Circuit mandamus ruling. After all, the Fifth Circuit ruling expressly recognizes Defendants' "strong argument" (presented in "defendant's [prior] motions for judgment as a matter of law") that (1) "FHWA's authoritative June 17, 2014 letter seems to compel the conclusion" that "the defendant's product" is "compliant with federal safety standards and therefore fully eligible, in the past, present and future, for federal reimbursement claims"—and that as a result, (2) "the defendant's actions were neither material nor were any

false claims based on false certifications presented to the government," as required under the False Claims Act.[1]

2. Alternatively, Defendants move the Court to set an expedited briefing schedule on Defendants' motion for judgment as a matter of law (consistent with Defendants' previous briefing on this issue), to give this Court the opportunity to issue a "reasoned ruling" on that motion—as today's Fifth Circuit mandamus ruling plainly contemplates.

\* \* \*

Regardless of which of these two paths the Court selects—interlocutory appeal or expedited briefing on Defendants' motion for judgment as a matter of law—the Fifth Circuit mandamus ruling plainly contemplates that the Court do *something* to determine whether trial is actually necessary in this case.

Accordingly—and at an absolute minimum—the Court should grant a stay to allow the parties, as well as the Court, to carefully study and absorb the full implications of the mandamus ruling, so that everyone can proceed in a reasoned and deliberative manner that is fully consistent with that ruling.

---

[1] This guidance follows numerous Fifth Circuit decisions involving interlocutory appeals regarding issues of law that could be case-dispositive for at least one party under the False Claims Act. *See*, *e.g.*, *United States ex rel. Shupe v. Cisco Systems, Inc.*, --- F.3d ---, 2014 WL 3057093, \*2 (5th Cir. July 7, 2014) (hearing interlocutory appeal of partial denial of motion to dismiss on issue of statutory interpretation that could be dispositive if defendant prevails); *United States ex rel. Babalola v. Sharma*, 746 F.3d 157, 160 (5th Cir. 2014) (hearing interlocutory appeal of partial summary judgment on "issue of first impression" concerning whether relators had right to share in restitution award obtained by government in related action); *United States v. Caremark, Inc.*, 634 F.3d 808, 810-11 (5th Cir. 2011) (hearing interlocutory appeal of partial summary judgment on three issues, including whether or not statements were false as a matter of law); *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 652 (5th Cir. 2004) (hearing interlocutory appeal of denial of motion to dismiss on reverse False Claims Act claim).

| | |
|---|---|
| Dated: October 10, 2014 | Respectfully submitted, |
| | /s/ James C. Ho |

Russell C. Brown, Esq.
Texas Bar No. 03167510
THE LAW OFFICES OF
RUSSELL C. BROWN, P.C.
P.O. Box 1780
Henderson, Texas 75653-1780
Telephone: 903.657.8553
Fax: 903.655.0218
russell@rcbrownlaw.com

J. Mark Mann, Esq.
Texas Bar No. 12926150
MT2 LAW GROUP
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Fax: (903) 657-6003
mark@themannfirm.com

Mike Miller
Texas Bar No. 14101100
201 W. Houston St.
Marshall, Texas 75670
Telephone: (903) 938-4395
Fax: (903) 938-3360
mikem@millerfirm.com

Heather Bailey New
Texas Bar No. 24007642
BELL NUNNALLY & MARTIN LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204
Telephone: (214) 740-1425
Fax: (214) 740-1499
heathern@bellnunnally.com

James C. Ho, Texas Bar No. 24052766
Robert A. Vincent, Texas Bar No. 24056474
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Suite 1100
Dallas, Texas 75201
Telephone: (212) 351-4000
jho@gibsondunn.com
rvincent@gibsondunn.com

Ethan L. Shaw
Texas Bar No. 18140480
SHAW COWART LLP
1609 Shoal Creek Blvd., Ste. 100
Austin, Texas 78701
Telephone: (512) 499-8900
Fax: (512) 320-8906
elshaw@shawcowart.com

Sarah R. Teachout
Texas Bar No. 24008134
Arnold Spencer
Texas Bar No. 00791709
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201-4624
Telephone: 214-969-2800
Fax: 214-969-434
steachout@akingump.com
aspencer@akingump.com

Robert M. (Randy) Roach, Jr.
Texas Bar No. 16969100
John W. Newton, III
Texas Bar No. 14983300
Manuel López
Texas Bar No. 00784495
ROACH & NEWTON, LLP
1111 Bagby Street, Suite 2650
Houston, Texas 77002
Telephone: (713) 652-2032
Facsimile: (713) 652-2029
rroach@roachnewton.com
jnewton@roachnewton.com
mlopez@roachnewton.com

**Attorneys for Defendants, Trinity Industries, Inc. and Trinity Highway Products, LLC**

## **CERTIFICATE OF CONFERENCE**

I certify that on October 10, 2014, counsel for Defendants Mark Mann contacted counsel for Plaintiff, who indicated that they oppose the relief requested herein.

/s/  *Robert A. Vincent*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on October 10, 2014.

/s/  *Robert A. Vincent*