# EXHIBIT 1

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 14-41067
_____

In re: TRINITY INDUSTRIES, INCORPORATED; TRINITY HIGHWAY PRODUCTS, L.L.C.,

    Petitioners

_____

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:

    Mindful as we are of the extraordinary nature of the relief sought, and that there is no authority directly supporting the interlocutory review of a ruling as a matter of law prior to the commencement of a new trial, the petition for writ of mandamus is DENIED.

    The court is compelled to note, however, that this is a close case. The writ is timely and the litigation stakes--the potential for a $1 billion adverse judgment--are unusually high. This court is concerned that the trial court, despite numerous timely filings and motions by the defendant, has never issued a reasoned ruling rejecting the defendant's motions for judgment as a matter of law. On its face, FHWA's authoritative June 17, 2014 letter seems to compel the conclusion that FHWA, after due consideration of all the facts, found the defendant's product sufficiently compliant with federal safety standards and therefore fully eligible, in the past, present and future, for federal reimbursement claims. While we are not prepared to make the findings

required to compel certification for interlocutory review by mandamus, a course that seems prudent, a strong argument can be made that the defendant's actions were neither material nor were any false claims based on false certifications presented to the government. *See United States v. Southland Mgmt. Corp.*, 326 F.3d 669, 676–77 (5th Cir. 2003) (holding that no false claims had been filed based in-part on the agency's awareness of the regulatory noncompliance and continued adherence to the contract); *U.S. ex rel Yannacopoulos v. General Dynamics,* 652 F.3d 818, 83 (7th Cir. 2011) (holding that the following of a payment schedule by an agency ends the need to speculate about how else the agency "might have acted"); *U.S. ex rel. Costner v. United States,* 317 F.3d 883, 887 (8th Cir. 2003) (holding false statements immaterial when an agency continues to make payments after receiving notice of the false statements); *U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc.,* 543 F.3d 1211, 1219 (10th Cir. 2008) ("A false certification is therefore actionable under the FCA only if it leads the government to make a payment which it would not otherwise have made. Or, put another way, the 'false statement must be material to the government's decision to pay out moneys to the claimant.'" (internal citations omitted)); *Hopper v. Solvay Pharm., Inc.,* 588 F.3d 1318, 1328–29 (11th Cir. 2009) (holding that even a false statement is not actionable under the FCA when the government does not improperly pay a false claim).