# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>JOSHUA HARMAN,<br><br>               Plaintiff,<br><br>v.<br><br>TRINITY INDUSTRIES, INC, and<br>TRINITY HIGHWAY PROTDUCTS, LLC,<br><br>               Defendants. | )<br>)<br>)   Civil Action No. 2:12-CV-89<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BRIEF IN SUPPORT OF RENEWED MOTION TO INTERVENE OF
## THE CENTER FOR AUTO SAFETY AND THE SAFETY INSTITUTE

Leslie A. Brueckner
(admitted *pro hac vice*)
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8205
Fax: (510) 622-8155
lbrueckner@publicjustice.net

David Bright
Texas Bar No. 02991190
Sico White Hoelscher Harris & Braugh LLP
900 Frost Bank Plaza
802 N. Carancahua, Suite 900
Corpus Christi, TX  78401
Phone: (361) 653-3300
dbright@swhhb.com

Jerry M. White
Texas Bar No. 21308700
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Phone: (501) 791-2277
jerry@tturner.com

Attorneys for Intervenors

**RELEVANT FACTS AND PROCEDURAL HISTORY**

This brief is filed in support of the Renewed Motion to Intervene under Federal Rule of Civil Procedure 24(b) filed by the Center for Auto Safety and The Safety Institute (the "Safety Groups").

The basis for this renewed motion is that Plaintiff/Relator Joshua Harman has recently moved to unseal the records of this case. As explained below, this fact substantially undermines many of the arguments made by Trinity in opposition to the Safety Groups' initial Motion to Intervene (which was filed on August 16, 2014, and denied by this Court on September 4, 2014). Based on this change in circumstances, the Safety Groups hereby renew their Motion to Intervene for the limited purpose of challenging the sealing of court records.[1]

### A. The Safety Groups' August 16th Motion to Intervene.

The Safety Groups first moved to intervene in this case on August 16, 2014. Dkt. 403. Along with their initial motion to intervene, the Safety Groups moved to unseal the court records on the ground that the sealing orders violated the public's presumptive right of access to court records. Dkt. 404.[2]

---

[1] As the accompanying declarations explain, the Safety Groups' interest in the sealed records is even more acute than it was when they first sought to intervene in August 2014. Since that time, the jury has found Trinity liable of lying to the federal government about the safety of the ET-Plus and the Federal Highway Administration has ordered Trinity to conduct additional crash tests of the ET-Plus. *See* Exh. A, Ditlow Dec. ¶¶ 8-10. In addition, since the jury verdict in this case, 44 states and one U.S. Territory have placed a moratorium on the purchase and installation of the ET-Plus over safety concerns. *See* Exh. B, Shaefer-Wilson Dec. ¶ 19. Despite these developments, the ET-Plus is still in use in all fifty states, where it continues to threaten the motoring public. To the extent the sealed court records contain crash test videos and reports, computerized crash simulations, and other significant records regarding the performance of the ET-Plus, they could prove crucial to the Safety Groups' research and advocacy regarding this device. Exh. A. ¶¶ 8-10; Exh. B. ¶¶ 17-23.

[2] At the time, over 50 records had been placed under seal pursuant to a stipulated pretrial protective order (Dkt. 59); since that time, dozens more records have been filed, and still remain, under seal.

At the time, none of the existing parties to the case had asked that the records be unsealed. In fact, the reason the records were sealed in the first place is because the parties moved to seal on the ground that the records contained information designated confidential pursuant to an Agreed Protective Order that was entered during the discovery phase of the case. Dkt. 59.

Plaintiff/Relator Joshua Harman "took no position" on the Safety Groups' motion to intervene. Trinity, however, opposed the motion. *See* Dkt. 414. Trinity's main argument in opposition was that the Safety Groups lack standing to intervene because none of the existing parties to the case was seeking to unseal the court records. Dkt. 414, at 5. Trinity also argued that intervention should be denied because (1) the Safety Groups lacked a common question of law or fact between their "claim or defense" and the main action; and (2) allowing intervention would unduly prejudice Trinity's rights because the motion to intervene was untimely and Trinity had "reasonably relied upon the [Agreed] Protective Order in filing thousands of pages of proprietary, confidential documents under seal." Dkt. 414, at 2.

**B.  The Order Denying the Motions to Intervene and to Unseal.**

On September 4, 2014, this Court denied the Safety Groups' Motion to Intervene without stating the basis for doing so. Dkt. 427. The Court also denied the Motion to Unseal on the ground that, because the Safety Groups had not been permitted to intervene, they "lack standing to move to unseal documents in this action." *Id*.

The Court added, however, that "following the trial and return of a verdict in this case, the Court will enter an Order requiring the parties to show good cause why previously sealed testimony, evidence or other material should remain under seal. Absent such a showing of good cause, the Court may order the same to be unsealed." *Id*.

3

### C. Subsequent Events.

The Safety Groups have appealed the denial of their Motions to Intervene and to Unseal to the Fifth Circuit. *See* Case No. 14-40995. Their opening brief was filed on October 27, 2104 (Doc. 00512816548); Trinity's response brief is due November 24, 2014; the Safety Groups' reply is due December 8, 2014; and oral argument has been scheduled for January 8, 2015.

Meanwhile, on October 20, 2014, the jury returned a verdict against Trinity of $175 million based on its finding that Trinity "knowingly made" false statements to the United States government regarding the ET-Plus. Dkt. 570.

On November 19, 2014, Harman filed an Emergency Motion to Unseal the Complete Record of This Action. Dkt. 590. That motion repeated almost verbatim all of the arguments set forth in the Safety Groups' original motion to unseal. *Id.* On November 13, 2014, this Court ordered expedited briefing on the unsealing issue. Dkt. 593.

## ARGUMENT

### INTERVENTION IS WARRANTED BECAUSE MOVANTS MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24(B).

This renewed motion to intervene is predicated on an important change in circumstances that substantially undermines Trinity's prior objections to the Safety Groups' intervention. As explained above, when the Safety Groups filed their initial motion to intervene (on August 16, 2014), they were alone in their quest to unseal the court records. But in the wake of the trial, Harman filed his *own* motion to unseal all the court records. As a result, the Safety Groups are now seeking exactly the same relief as one of the existing parties. As explained below, this fact militates strongly in favor of allowing intervention under Fed. R. Civ. P. 24(b).

### I.  Because the Safety Groups Are Seeking the Same Relief as an Existing Party, Trinity Can No Longer Argue that They Lack Standing to Intervene.

First, the fact that Harman has moved to unseal the Court records means that Trinity can no longer oppose intervention on standing grounds. In opposing the Safety Groups' original motion, Trinity argued that intervention was improper because the Safety Groups had failed to demonstrate independent Article III standing in the underlying lawsuit. *See* Dkt. 414 at 3-7.

In particular, Trinity argued that, under *Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006), independent Article III standing is a prerequisite to intervention *unless* the intervenor is seeking the same "ultimate relief" as one of the subsisting parties. *See* Dkt. 414, at 5 (citing *Newby*, 443 F.3d at 422). Because neither Trinity nor Harman were (at the time) seeking to unseal the records, Trinity argued that intervention must be denied for lack of standing. *See id.* at 6 (arguing that "[b]ecause no existing party seeks the same relief that Movants seek, *Newby*'s exception to the standing requirement does not apply and Movants must establish independent standing to intervene") (citing cases).

This argument is no longer viable because the Safety Groups are now seeking exactly the same relief as Harman: the unsealing of all the court records. By the terms of Trinity's own arguments, standing is not an issue where the intervenor is seeking the same relief as an existing party. Thus, although the Safety Groups believe that Trinity's standing argument is wrong as a matter of law, this argument is now unquestionably moot as applied to this case.³

---

³ Trinity's standing argument is the focus of the Safety Groups' pending appeal to the Fifth Circuit. Their opening brief (Doc. 00512816548) argues that, under prevailing Fifth Circuit case law, there is no independent Article III standing requirement when intervention is being sought for the limited purpose of unsealing court records. There is no reason to repeat those arguments here, however, because the standing issue has been rendered moot by Harman's pending motion to unseal the court records.

5

**II.     Because the Safety Groups are Seeking the Same Relief as an Existing Party, They Necessarily Satisfy the Requirements of Federal Rule of Civil Procedure 24(b).**

The fact that Harman is now seeking to unseal the court records also undercuts Trinity's argument that the Safety Groups had failed to satisfy the requirements of Federal Rule of Civil Procedure 24(b), which governs permissive intervention.

On this point, Trinity did not dispute that permissive intervention under Rule 24(b) is the appropriate *procedural* mechanism for third parties to challenge protective orders or sealed court records.  *See Newby*, 443 F.3d at 424.  Trinity argued, however, that intervention was improper on the grounds that:  (1) the Safety Groups lack "a claim or defense that shares with the main action a common question of law or fact," as required by Rule 24(b)(1)(B); and (2) intervention would "unduly delay or prejudice the adjudication of the original parties' rights," a factor a court is required to consider under Rule 24(b)(3).  Neither argument is even arguably correct now that Harman is seeking to unseal the court records.

**A.     Now that Harman Has Moved to Unseal the Records, the Safety Groups Unquestionably Share a Common Question with the Parties.**

Regarding the former, Trinity previously argued that the Safety Groups failed to satisfy Rule 24's "common-question" requirement because "[w]hether the court documents are appropriately sealed is not a question  presently raised by either Harman or Trinity.  *Instead, this is a question raised by Movants alone*."  Dkt. 414, at 7 (emphasis added).

This argument was invalid even before Harman had moved to unseal the records, because a court always has the responsibility to ensure that records are not improperly placed under seal.  *See, e.g.*, *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("The District Court cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public.").  As one Court has observed,

6

"[t]here is no reason to require . . . a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) ("By virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of [Rule 24(b)] that their claim must have 'a question of law or fact in common' with the main action.") (citation omitted).

But now that Harman has moved to unseal the court records, the propriety of this Court's sealing orders is no longer "a question raised by Movants alone" (Dkt. 414, at 7) – it is a question that is being raised by one of the *parties*. For that reason, under the current procedural posture, the Safety Groups *necessarily* "share with the main action a common question of law or fact" within the meaning of Rule 24(b)(1)(B).

Even if the "common question of law or fact" has to be something *other* than access to the documents in order to justify intervention under Rule 24(b) (which Trinity also argued in opposing the Safety Groups' first intervention motion, *see* Dkt. 414, at 8-9), the Safety Groups still should be permitted to intervene because they share the same ultimate goal with the Relator: the protection of the traveling public from unsafe guardrails. Although the legal claims in the underlying lawsuit focus on Trinity's misrepresentations to the federal government, the relief sought by Harman includes funds sufficient to remove unsafe guardrails. Dkt. 22 at ¶ 44 (Prayer for Relief requesting, among other things, "actual damages in an amount sufficient to cover the cost to recall and replace every defective guardrail product of Defendant placed on the public roadways of the United States").

Thus, the ultimate goals of the Safety Groups and Harman are the same, even if their legal claims do not precisely match up. This is more than sufficient to satisfy Rule 24(b)'s

common-question requirement under any reading of this Circuit's precedents. As the Court explained in *Newby*, this portion of Rule 24(b) has always "been construed liberally." *Newby*, 443 F.3d at 422-23 (citation omitted). *See also id*. at 423 (quoting with approval the U.S. Supreme Court's long-standing teaching that Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation") (quoting *SEC v. U.S. Realty & Improvement Co*., 310 U.S. 434, 459 (1940)).

In keeping with this "liberal-construction" approach to Rule 24(b), *Newby* allowed a non-party (the Texas Accounting Board) to intervene in a lawsuit involving the malfeasance of a certain accounting firm in the Enron scandal, despite the fact that the Board did not seek to litigate the malfeasance question in the litigation – all it sought was access to discovery materials. *Newby*'s conclusion that the interests of the Texas Accounting Board were sufficiently similar to the goals of the Enron litigation because both were concerned with the malfeasance of a certain accounting firm is not any more specific than the parties' common goal of getting unsafe guardrails off the roads in this case. *Id.* at 422.

Accordingly, even if Rule 24(b)(1)(B)'s "common question" requirement were not met by the fact that Harman is also seeking to unseal the records (it is), it would be satisfied by the fact that the Safety Groups have a longstanding and powerful interest in access to information about the safety of the ET-Plus, a topic that has been at the forefront of this litigation since its very beginning.

### B. Now that Harman Has Moved to Unseal the Records, Trinity Can No Longer Argue that the Safety Groups' Intervention Would "Unduly Prejudice" Trinity.

Finally, Harman's pending motion to unseal also strips Trinity of any reasoned ability to oppose intervention on the grounds of unreasonable delay and prejudice under Rule 24(b)(3). Trinity previously opposed intervention on the grounds that it would unduly prejudice Trinity's

rights because the motion to intervene was untimely and Trinity had "reasonably relied upon the [Agreed] Protective Order in filing thousands of pages of proprietary, confidential documents under seal." Dkt. 414, at 2.

These arguments were invalid even *before* Harman moved to unseal the records. First, in light of the public's presumptive right of access to judicial records, Trinity cannot claim to have "reasonably relied" on the parties' Agreed Protective Order to justify the sealing of the records of this case.[4]

And second, when intervention is being sought for the sole purpose of unsealing court records, prejudice is not an issue even when intervention is sought *years* after the underlying litigation has been concluded – and even where, as year, the documents were filed under seal pursuant to a stipulated pretrial protective order. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100-01 (9th Cir. 1999) (noting that "delays measured *in years* have been tolerated where an intervenor is pressing the public's right of access to judicial records"). *See also Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) (finding intervention timely and nonprejudicial because the third party merely sought to unseal records, not to reopen the merits); *State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 140 (S.D. Miss. 2010) (finding motion to intervene timely because intervenor merely sought the release of confidential documents and did not seek to litigate the merits).

---

[4] Whereas discovery materials are subject to Rule 26(c)'s relatively lenient "good cause" standard, court records may only be sealed upon a showing that the parties' need for secrecy outweighs the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *U.S. v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *U.S. v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)). *See also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Although the common law right of access to judicial records is not absolute, the district court's discretion to seal the record of judicial proceedings is to be exercised charily.") (internal quotation marks omitted).

But even if Trinity had a colorable claim of prejudice with respect to the Safety Groups' initial motion to intervene (it did not), it cannot repeat those arguments now that the Harman is *also* seeking to unseal the court records.  This issue is going to be taken up by this Court, whether Trinity likes it or not.

In short, because one of the existing parties is already challenging the sealing orders, allowing the Safety Groups to intervene would not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).  Trinity, therefore, no longer has any basis for arguing that it would be prejudiced by allowing the Safety Groups to intervene at this juncture.

## CONCLUSION

Because a motion to intervene is the proper procedure for nonparties to seek to unseal court records, and because the Safety Groups have satisfy the requirements for permissive intervention under Rule 24(b), the Safety Groups should be permitted to intervene for the limited purpose of challenging the sealing of court records.

Respectfully submitted,

/s/ Leslie A. Brueckner
Leslie A. Brueckner
(admitted *pro hac vice*)
Public Justice, P.C.
555 12th Street, Suite 1230
Oakland, CA 94607
Phone: (510) 622-8150
Fax: (510) 622-8155
lbrueckner@publicjustice.net

        David Bright
        Texas Bar No. 02991190
        Sico White Hoelscher Harris & Braugh LLP
        900 Frost Bank Plaza
        802 N. Carancahua, Suite 900
        Corpus Christi, TX 78401
        Phone: (361) 653-3300
        dbright@swhhb.com

        Jerry M. White
        Texas Bar No. 21308700
        Turner & Associates, P.A.
        4705 Somers Avenue, Suite 100
        North Little Rock, AR 72116
        Phone: (501) 791-2277
        jerry@tturner.com

        Attorneys for Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel for all parties via the Court's CM/ECF system on this 21st day of November, 2014.

        /s/ Leslie A. Brueckner
        Leslie A. Brueckner