IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. JOSHUA HARMAN,<br><br>*Relator / Plaintiff,*<br><br>v.<br><br>TRINITY INDUSTRIES, INC. and TRINITY HIGHWAY PRODUCTS, LLC,<br><br>*Defendants.* | § § § § § § § § § § § § § CASE NO. 2:12-CV-00089-JRG |

# ORDER

Before the Court are Plaintiff's Motion to Unseal the Complete Record in this Action (Dkt. No. 590) and Supplemental Motion to Remove Confidentiality Designations from Certain Discovery (Dkt. No. 635), as well as the Center for Auto Safety and the Safety Institute's Renewed Motion to Intervene (Dkt. No. 599). The motions are fully briefed, and the Court heard oral argument from counsel for the parties and potential intervenors on March 3, 2015.

I.      **Plaintiff's Motion to Unseal the Complete Record in this Action (Dkt. No. 590)**

Having considered the arguments presented in the parties' briefing and at the hearing, and after examining the materials that Defendants Trinity Industries, Inc. and Trinity Highway Products, LLC (collectively, "Trinity") and non-party Texas A&M University System ("Texas A&M") seek to maintain under seal or otherwise shield from public disclosure, the Court finds Plaintiff's motion (Dkt. No. 590) should be, and hereby is **GRANTED**, subject to the conditions stated below.

### A. Testimony and Other Evidence Admitted During the Trial

The testimony presented during the trial, and the exhibits used before the jury and admitted into evidence, were published in open court in the presence of members of the public (including members of the media). At no point during the trial did Trinity or Texas A&M move to seal the courtroom or otherwise preclude the public's access to such evidence. Accordingly, the Court finds that the written transcripts of the testimony presented at trial, and all exhibits admitted into evidence, became at that time part of the public record and **ORDERS** that all such evidence is hereby unsealed and any confidentiality designations made pursuant to the Court's Protective Order are no longer in force. **This portion of the Court's Order is effective immediately.**

### B. Documents and Other Material Filed as Part of the Record in this Case, but Not Published at Trial.

With respect to material that was filed under seal as part of the record in this case, but not published during the trial—*e.g.*, the motions filed by the parties under seal and the attachments thereto—the Court finds that Trinity and Texas A&M have failed to show any need for secrecy that might outweigh the public's presumptive right of access. *See, e.g., U.S. v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). To the contrary, both Trinity and Texas A&M identify broad categories of documents as containing "trade secrets" or "competitively sensitive information" or "confidential business and financial information." *See, e.g.*, Dkt. No. 597-1; Dkt. No. 598-2. However, a review of the relevant material reveals that it is largely comprised of (1) exhibits admitted into evidence during the trial[1], (2) deposition testimony

---

[1] To the extent that any documents or other material fall into both of the categories described above—*e.g.* a document that was filed under seal in support of a motion, and later introduced as an exhibit during the trial—such material has been published. Pursuant to this Order, it is hereby unsealed, any confidentiality designations made under the Court's Protective Order have been waived, and such material is available to the public immediately.

mirroring testimony delivered at trial, or (3) portions of certain expert reports that relate directly to such expert's testimony at trial. *See, e.g.,* Dkt. No. 597-2 (identifying weldment drawings admitted into evidence, and portions of expert reports or deposition testimony describing the same, as material to be maintained under seal).

The Court will not countenance such unsupported use of counsel's prerogative to file under seal. To do so would undermine public confidence in the judicial system—a confidence that "cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Holy Land*, 624 F.3d at 690.

Accordingly, the Court **ORDERS** that all such material shall be unsealed. **However, and at the request of Trinity and Texas A&M, the Court will stay the implementation of this portion of its Order until 5:00 pm on March 13, 2015.**

## II. Plaintiff's Supplemental Motion to Remove Confidentiality Designations from Certain Discovery (Dkt. No. 635).

Also before the Court is Plaintiff's motion to remove the confidentiality designations afforded to certain materials produced in discovery, but not introduced at trial or otherwise filed as part of the record in this action (Dkt. No. 635). In light of the Court's Order unsealing the record in this action, the Court will carry this motion. The Court further **ORDERS** the parties to meet-and-confer and to submit a joint notice informing the Court with particularity of any remaining disputes with respect to such designations on or before 5:00 pm on March, 24, 2015.

**III.    The Center for Auto Safety and the Safety Institute's Renewed Motion to Intervene (Dkt. No. 599).**

As announced into the record during the hearing held on March 3, 2015, the Court is of the opinion the Center for Auto Safety and the Safety Institute's motion to intervene is largely moot, given the Order unsealing the record in this action.  Accordingly that motion (Dkt. No. 599) is **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 4th day of March, 2015.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE